UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAMILLE GASTON,

          *Plaintiff,*

— against —

MTA,

          *Defendant.*

**MEMORANDUM & ORDER**
24-cv-04385 (NCM)(LB)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Camille Gaston filed the instant action against the Metropolitan Transportation Authority ("MTA") under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915. For the reasons stated below, the complaint is dismissed. However, plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff's complaint is difficult to decipher. Plaintiff appears to bring action against MTA for three separate incidents. Compl., ECF No. 1, at 5. The first appears to be a bus accident occurring "on the highway" in Manhattan for which plaintiff did not suffer injuries yet was told by the driver to "go seet [sic] in the back [of the] bus." Compl. at 4–6. The second event appears to be when plaintiff got "bitt up in the bus." Compl. at 4. It is unclear whether plaintiff alleges that she was beaten or that she was bitten, but she alleges that this occurred in Brooklyn on Utica and Rutland avenues when she was "drop by MTA

1

police." Compl. at 5. The last event that plaintiff alleges is that she was "bitt by MTA police male and female" in Brooklyn. Compl. at 4–5.

## DISCUSSION

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court finds any possibility that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," an amended complaint should be denied. *Id.*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, plaintiffs are required to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts have the power to dismiss cases where a complaint does not

meet this requirement, but "dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal modifications adopted).

Nevertheless, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint is largely vague and unintelligible. Although plaintiff seems to allege three separate events, even the basic facts of the events, such as whether she alleges to have been beaten or bitten, are confusing at best. *See* Compl. at 4. Plaintiff fails to state when the events took place, how the MTA is involved, and what injuries she allegedly suffered. *See generally* Compl. Given the difficulty in understanding plaintiff's complaint, the Court dismisses the complaint without prejudice and with leave to file an amended complaint.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff is granted thirty days' leave from the date of this Order to file an amended complaint. If plaintiff files an amended complaint, she must clearly state the facts giving rise to her claims and name as defendants the individuals or entities responsible for each action or omission. She must also explain what each defendant did or failed to do and explain how that action or omission led to a deprivation of her federal constitutional or

statutory rights. Any amended complaint plaintiff chooses to file will completely replace the original complaint. The amended complaint must be labeled "Amended Complaint" and include "Docket Number 24-cv-04385 (NCM)(LB)."

If plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, the Clerk of Court shall be directed to enter judgment and close the case. All further proceedings shall be stayed for thirty (30) days. Any amended complaint that plaintiff elects to file will be reviewed for sufficiency. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a complaint form and a copy of this Order to plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

                                                                */s/ Natasha C. Merle*
                                                           NATASHA C. MERLE
                                                           United States District Judge

Dated:      July 10, 2024
              Brooklyn, New York